UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case No.  4:21-cv-836 |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: |
| Discover Home Products, LLC, | |
| Defendant. | |

**(1) – (22) PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271**
**(23) TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
**(24) TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
**(25) UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**
**(26) TRADE DRESS DILUTION IN VIOLATION OF MO. REV. STAT. § 417.061(1);**
**(27) TRADE DRESS DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;**
**(28) COMMON LAW TRADE DRESS INFRINGEMENT;**
**(29) COMMON LAW UNFAIR COMPETITION; AND**
**(30) UNJUST ENRICHMENT.**

## COMPLAINT

In 2006, brothers Roy and Ryan Seiders founded YETI in Austin, Texas. The Seiders brothers have a passion for the outdoors, which led them to recognize a need for better coolers. YETI first developed unique designs and technologies for its hard coolers, including its Roadie® and Tundra® coolers. YETI has since continued to develop new and innovative products, including its Hopper® soft-sided coolers, Camino® tote bags, and Silo® water coolers. YETI has invested substantial resources in designing, developing, manufacturing, marketing, advertising, and promoting its products, and YETI owns rights in its products, including in YETI's product designs and technologies, including designs and technologies at issue in this lawsuit.

Given its substantial investments, YETI takes seriously the need to protect its rights, and that's what this case is about—Discover is selling a variety of products that infringe YETI's patent rights and products that are confusingly similar to YETI's distinctive product designs. Discover's actions are unlawful and must stop. Accordingly, Plaintiff, YETI Coolers, LLC ("YETI"), for its Complaint against Defendant, Discover Home Products, LLC ("Discover"), alleges as follows:

**The Parties**

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      On information and belief, Discover is a company organized and existing under the laws of the State of Missouri with principal places of business at 502 Rudder Road, Fenton, MO 63026 and 3105 Riverport Tech Center Dr., Maryland Heights, MO 63043.

**Jurisdiction and Venue**

3.      This is an action for patent infringement, trade dress infringement, trade dress dilution, unfair competition and false designation of origin, and unjust enrichment.  This action arises under the Patent Act, 35 U.S.C. § 1, et seq., the Trademark Act of 1946, 15 U.S.C. § 1051, et seq. ("the Lanham Act"), the Annotated Missouri Statutes, the Texas Business & Commerce Code, federal common law, and state common law, including the law of Missouri and the law of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over Discover because, *inter alia*, Discover is a Missouri company with a principal place of business in Missouri and in this District.  This Court also has personal jurisdiction over Discover because, *inter alia*, Discover is purposefully and intentionally availing itself of the privileges of doing business in the State of Missouri, including in this District. Among other things, Discover has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import infringing products to customers and/or potential customers, including in this District, and Discover's unlawful acts that give rise to this

lawsuit and harm to YETI have occurred and are occurring in the State of Missouri, including in this District.

6.       Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d) and 28 U.S.C. § 1400(b).

### General Allegations — YETI's Intellectual Property

7.       For years, YETI has continuously engaged in the design, development, manufacture, promotion, and sale of its Hopper® soft-sided coolers. YETI has invested substantial resources into the research, design, and development of its Hopper® soft-sided coolers. And YETI's research, design, and development of the Hopper® Soft-Sided Coolers have led to many innovative cooler designs and technologies, including designs and technologies at issue in this lawsuit.

8.       For example, YETI owns U.S. Patent No. 9,139,352 ("the '352 Patent"), U.S. Patent No. 9,796,517 ("the '517 Patent"), and U.S. Patent No. 10,442,599 ("the '599 Patent"), all related to an insulating container, and U.S. Patent No. 10,981,716 ("the '716 Patent"), related to an insulating device.  YETI also owns U.S. Design Patent No. D799,905 ("the '905 Patent"), U.S. Design Patent No. D801,123 ("the '123 Patent"), U.S. Design Patent No. D809,869 ("the '869 Patent"), U.S. Design Patent No. D862,177 ("the '177 Patent"), U.S. Design Patent No. D896,591 ("the '591 Patent"), U.S. Design Patent No. D897,780 ("the '780 Patent"), U.S. Design Patent No. D732,348 ("the '348 Patent"), U.S. Design Patent No. D732,349 ("the '349 Patent"), U.S. Design Patent No. D732,350 ("the '350 Patent"), U.S. Design Patent No. D787,187 ("the '187 Patent"), and U.S. Design Patent No. D808,655 ("the '655 Patent"), all related to an insulating device.

9.      The '352 Patent is titled "Insulating Container."  On September 22, 2015, the '352 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '352 Patent.  A copy of the '352 Patent is attached as Exhibit 1.

10.      The '517 Patent is titled "Insulating Container."  On October 24, 2017, the '517 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '517 Patent.  A copy of the '517 Patent is attached as Exhibit 2.

11.      The '599 Patent is titled "Insulating Containers."  On October 15, 2019, the '599 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '599 Patent.  A copy of the '599 Patent is attached as Exhibit 3.

12.      The '716 Patent is titled "Insulating Device."  On April 20, 2021, the '716 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '716 Patent.  A copy of the '716 Patent is attached as Exhibit 4.

13.      The '905 Patent is titled "Insulating Device."  On October 17, 2017, the '905 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '905 Patent.  A copy of the '905 Patent is attached as Exhibit 5. An exemplary figure from the '905 Patent is shown in Illustration 1 below:



**Illustration 1: Exemplary Figure from the '905 Patent**

14.     The '123 Patent is titled "Insulating Device."  On October 31, 2017, the '123 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '123 Patent.  A copy of the '123 Patent is attached as Exhibit 6.  An exemplary figure from the '123 Patent is shown in Illustration 2 below:



**Illustration 2: Exemplary Figure from the '123 Patent**

15.     The '869 Patent is titled "Insulating Device."   On February 13, 2018, the '869 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '869 Patent.  A copy of the '869 Patent is attached as Exhibit 7.  An exemplary figure from the '869 Patent is shown in Illustration 3 below:



**Illustration 3: Exemplary Figure from the '869 Patent**

16.      The '177 Patent is titled "Insulating Device."  On October 8, 2019, the '177 Patent

was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title,

and interest to the '177 Patent.  A copy of the '177 Patent is attached as Exhibit 8.  An exemplary

figure from the '177 Patent is shown in Illustration 4 below:



**Illustration 4: Exemplary Figure from the '177 Patent**

17.      The '591 Patent is titled "Insulating Device."  On September 22, 2020, the '591

Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right,

title, and interest to the '591 Patent.  A copy of the '591 Patent is attached as Exhibit 9.  An exemplary figure from the '591 Patent is shown in Illustration 5 below:



**Illustration 5: Exemplary Figure from the '591 Patent**

18.     The '780 Patent is titled "Insulating Device."  On October 6, 2020, the '780 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '780 Patent.  A copy of the '780 Patent is attached as Exhibit 10.  An exemplary figure from the '780 Patent is shown in Illustration 6 below:



**Illustration 6: Exemplary Figure from the '780 Patent**

19.     The '348 Patent is titled "Insulating Device."  On June 23, 2015, the '348 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title,

and interest to the '348 Patent.  A copy of the '348 Patent is attached as Exhibit 11.  An exemplary

figure from the '348 Patent is shown in Illustration 7 below:

**Illustration 7: Exemplary Figure from the '348 Patent**



FIG. 1

20.     The '349 Patent is titled "Insulating Device."  On June 23, 2015, the '349 Patent

was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title,

and interest to the '349 Patent.  A copy of the '349 Patent is attached as Exhibit 12.  An exemplary

figure from the '349 Patent is shown in Illustration 8 below:



**Illustration 8: Exemplary Figure from the '349 Patent**

FIG. 1

21.     The '350 Patent is titled "Insulating Device."  On June 23, 2015, the '350 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '350 Patent.  A copy of the '350 Patent is attached as Exhibit 13.  An exemplary figure from the '350 Patent is shown in Illustration 9 below:

**Illustration 9: Exemplary Figure from the '350 Patent**



FIG. 1

22.     The '187 Patent is titled "Insulating Device."  On May 23, 2017, the '187 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '187 Patent.  A copy of the '187 Patent is attached as Exhibit 14.  An exemplary figure from the '187 Patent is shown in Illustration 10 below:

**Illustration 10: Exemplary Figure from the '187 Patent**



FIG. 1

23.     The '655 Patent is titled "Insulating Device."  On January 30, 2018, the '655 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title,

and interest to the '655 Patent.  A copy of the '655 Patent is attached as Exhibit 15.  An exemplary

figure from the '655 Patent is shown in Illustration 11 below:



**Illustration 11: Exemplary Figure from the '655 Patent**

FIG. 1

24.     For years, YETI has also continuously engaged in the design, development,

manufacture, promotion, and sales of its Camino® totes. YETI has invested substantial resources

into the research, design, and development of its Camino® totes. And YETI's research, design,

and development have led to many innovative designs, including designs at issue in this lawsuit.

25.     For example, YETI owns U.S. Design Patent No. D822,997 ("the '997 Patent"),

U.S. Design Patent No. D859,812 ("the '812 Patent"), U.S. Design Patent No. D859,813 ("the

'813 Patent"), U.S. Design Patent No. D859,815 ("the '815 Patent"), U.S. Design Patent No.

D918,570 ("the '570 Patent"), and U.S. Design Patent No. D920,678 ("the '678 Patent"), all

related to a bag.

26.     The '997 Patent is titled "Bag."  On July 17, 2018, the '997 Patent was duly and

legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to

the '997 Patent.  A copy of the '997 Patent is attached as Exhibit 16. An exemplary figure from

the '997 Patent is shown in Illustration 12 below:

| Illustration 12: Exemplary Figure from the '997 Patent |
| :---: |
|  |

27.    The '812 Patent is titled "Bag."  On September 17, 2019, the '812 Patent was duly

and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest

to the '812 Patent. A copy of the '812 Patent is attached as Exhibit 17. An exemplary figure from

the '812 Patent is shown in Illustration 13 below:

| Illustration 13: Exemplary Figure from the '812 Patent |
| :---: |
|  |

28.     The '813 Patent is titled "Bag."  On September 17, 2019, the '813 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '813 Patent. A copy of the '813 Patent is attached as Exhibit 18. An exemplary figure from the '813 Patent is shown in Illustration 14 below:

14

**Illustration 14: Exemplary Figure from the '813 Patent**



FIG. 1

29.     The '815 Patent is titled "Bag."  On September 17, 2019, the '815 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '815 Patent.  A copy of the '815 Patent is attached as Exhibit 19. An exemplary figure from the '815 Patent is shown in Illustration 15 below:

| Illustration 15: Exemplary Figure from the '815 Patent |
| --- |



FIG. 1

30.     The '570 Patent is titled "Bag."  On May 11, 2021, the '570 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '570 Patent.  A copy of the '570 Patent is attached as Exhibit 20. An exemplary figure from the '570 Patent is shown in Illustration 16 below:



**Illustration 16: Exemplary Figure from the '570 Patent**

FIG. 1

31.     The '678 Patent is titled "Bag."  On June 1, 2021, the '678 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '678 Patent.  A copy of the '678 Patent is attached as Exhibit 21. An exemplary figure from the '678 Patent is shown in Illustration 17 below:



**Illustration 17: Exemplary Figure from the '678 Patent**

FIG. 1

32.     For years, YETI has also continuously engaged in the design, development, manufacture, promotion, and sale of its Silo® Water Coolers. YETI has invested substantial resources into the research, design, and development of its Silo® Water Coolers. And YETI's research, design, and development of the Silo® Water Coolers have led to many innovative technologies, including technologies at issue in this lawsuit.

33.     For example, YETI owns U.S. Patent No. 10,046,885 ("the '885 Patent"), related to a spigot for an insulating container. The '885 Patent is titled "Spigot and Spigot Guard for an Insulating Container."  On August 14, 2018, the '885 Patent was duly and legally issued by the U.S. Patent Office to YETI.  YETI owns the entire right, title, and interest to the '885 Patent.  A copy of the '885 Patent is attached as Exhibit 22.

34.     For years, YETI has also continuously engaged in the design, development, manufacture, promotion, and sale of its Roadie® and Tundra® coolers, including, for example, the Roadie® 20 cooler, the Tundra® 45 cooler, the Tundra® 65 cooler, and the Tundra® 110 cooler (collectively, "Roadie® and Tundra® Coolers").  YETI created unique, distinctive, and

18

non-functional designs to use with YETI's Roadie® and Tundra® Coolers.  YETI has extensively and continuously promoted and used these designs in the United States and in the States of Missouri and Texas.  Through that extensive and continuous promotion and use, YETI's designs have become a well-known indicator of the origin and quality of YETI's Roadie® and Tundra® Coolers.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns trade dress rights relating to its Roadie® and Tundra® Cooler designs.

35.     YETI has enjoyed significant sales of its Roadie® and Tundra® Coolers throughout the United States, including sales to customers in the State of Missouri and the State of Texas. YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its Roadie® and Tundra® Coolers.  The designs and features of YETI's Roadie® and Tundra® Coolers have received widespread and unsolicited public attention.  For example, the Roadie® and Tundra® Coolers have been featured in numerous newspaper, magazine, and Internet articles, including in the State of Missouri and the State of Texas.

36.     The designs of the Roadie® and Tundra® Coolers have distinctive and non-functional features that identify to consumers that the origin of the coolers is YETI.  As a result of at least YETI's continuous and exclusive use of the designs of the Roadie® and Tundra® Coolers, YETI's marketing, advertising, and sales of the Roadie® and Tundra® Coolers, and the highly valuable goodwill, substantial secondary meaning, and fame acquired as a result, YETI owns trade dress rights in the designs and appearances of the Roadie® and Tundra® Coolers, which consumers have come to uniquely associate with YETI.

37.     Exemplary images of YETI's Roadie® and Tundra® Coolers are shown below:

**Illustration 18: Exemplary Image of a YETI Roadie® Cooler.**

**Illustration 19: Exemplary Images of YETI Tundra® Coolers.**



**YETI Tundra® 45 Cooler**



**YETI Tundra® 65 Cooler**

**YETI Tundra® 110 Cooler**

38.     YETI has trade dress rights in the overall look, design, and appearance of its Roadie® and Tundra® Coolers, which include the design and appearance of the style line on the front of the coolers; the design and appearance of the style line on the back of the coolers; the design and appearance of the front corners (with indentations) of the coolers; the design and appearance of the style line above the front style line; the design and appearance of the ledge around the perimeter of the cooler bodies; the design and appearance of the style line on each side of the coolers; the color contrast and color combinations of the coolers; and the relationship of these features to each other and to other features.

39.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of its Roadie® and Tundra® Coolers bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

### General Allegations — Discover's Unlawful Activities

40.     Discover has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, products that violate YETI's rights, including the rights protected by YETI's intellectual property. Discover's actions have all been without the authorization of YETI.

41.     As discussed in more detail below, Discover is selling soft-sided coolers products, bag products, and water cooler products that infringe YETI's patent rights. Discover is not authorized to use YETI's patented technologies. Discover is also selling hard cooler products that infringe YETI's trade dress rights.  Discover is trying to confuse consumers into thinking that its hard coolers are associated with, sponsored by, or approved by YETI, when they are not. Discover's actions are unlawful, and they must stop.  Discover must also compensate YETI for Discover's violations of the law.

42.     Discover's infringing products include its Camp-Zero 12 Can Soft Cooler, Camp-Zero 20 Can Soft Cooler, Camp-Zero 30 Can Soft Cooler, Camp-Zero 40 Can Soft Cooler, Peak Series Soft Cooler, Camp-Zero 35 Can Cooler, Camp-Zero CARRY-ALL Tote Bag, and Camp-Zero 20 Premium Drink Cooler. Discover's infringing products also include its Camp-Zero 10 Cooler, Camp-Zero 20 Cooler, Camp-Zero 40 Cooler, Camp-Zero 110 Cooler, and its Camp-Zero

16 Premium Cooler (collectively, "infringing Hard Cooler Products"). Discover's infringing products are shown and/or are sold on Discover's websites, e.g., https://camp-zero.com/ and https://discoverhomeproducts.com/categories/coolers#, and exemplary images of Discover's infringing products are also shown below:

| Illustration 20: Exemplary Image of Discover's Camp-Zero 12 Can Soft Cooler |
| --- |



**Illustration 21: Exemplary Image of Discover's Camp-Zero 20 Can Soft Cooler**



**Illustration 22: Exemplary Image of Discover's Camp-Zero 30 Can Soft Cooler**



**Illustration 23: Exemplary Image of Discover's Camp-Zero 40 Can Soft Cooler**



**Illustration 24: Exemplary Image of Discover's Peak Series Cooler**



| Illustration 25: Exemplary Image of Discover's 35 Can Cooler |
| :---: |



| Illustration 26: Exemplary Image of Discover's Camp-Zero Tote Bag |
| :---: |



43.     Discover's Camp-Zero Tote Bag is currently available in the following colors: blue and grey, grey and black, lavender and grey, pink and grey, tan and black, and white and black.

**Illustration 27: Exemplary Image of Discover's Camp-Zero 20 Premium Drink Cooler**



**Illustration 28: Exemplary Image of Discover's Camp-Zero 10 Cooler**



**Illustration 29: Exemplary Image of Discover's Camp-Zero 20 Cooler**



**Illustration 30: Exemplary Image of Discover's Camp-Zero 40 Cooler**



28

**Illustration 31: Exemplary Image of Discover's Camp-Zero 110 Cooler**



**Illustration 32: Exemplary Image of Discover's Camp-Zero 16 Premium Cooler**



**Count I:**
**Patent Infringement of U.S. Patent No. 9,139,352 Under 35 U.S.C. § 271**

44.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45.     Discover has infringed and continues to infringe the '352 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero 12 Can Soft Cooler, Camp-Zero 20 Can Soft Cooler, Camp-Zero 30 Can Soft Cooler, Camp-Zero 40 Can Soft Cooler, and Camp-Zero 35 Can Cooler, which include each and every element of one or more claims of the '352 Patent, either literally or through the doctrine of equivalents, including at least claim 1.

46.     Claim 1 of the '352 Patent recites "[a]n insulating container comprising:" "an outer shell," "an inner liner forming a storage compartment," "a foam layer floating in between the outer shell and the inner liner," "the foam layer providing insulation," "an opening extending through the outer shell and the inner liner," and a "closure adapted to substantially seal the opening, the closure being substantially waterproof so as to resist liquid from exiting the opening when the insulating container is in any orientation."

47.     Discover's Camp-Zero 12 Can Soft Cooler, Camp-Zero 20 Can Soft Cooler, Camp-Zero 30 Can Soft Cooler, Camp-Zero 40 Can Soft Cooler, and Camp-Zero 35 Can Cooler infringe at least claim 1 of the '352 Patent because they are insulating containers that include all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including "an outer shell," "an inner liner forming a storage component," "a foam layer floating in between the outer shell and the inner liner," "the foam layer providing insulation," "an opening extending through the outer shell and the inner liner," and "a closure adapted to substantially seal the opening,

the closure being substantially waterproof so as to resist liquid from exiting the opening when the insulating container is in any orientation."

48.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

49.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

50.     Discover also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count II:**
**Patent Infringement of U.S. Patent No. 9,796,517 Under 35 U.S.C. § 271**

51.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52.     Discover has infringed and continues to infringe the '517 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero 12 Can Soft Cooler, Camp-Zero 20 Can Soft Cooler, Camp-Zero 30 Can Soft Cooler, Camp-Zero 40 Can Soft Cooler, and Camp-Zero 35 Can Cooler, which include each and every element of one or more claims of the '517 Patent, either literally or through the doctrine of equivalents, including at least claim 1.

53.     Claim 1 of the '517 Patent recites "a method of forming an insulating device comprising:" "forming an inner liner first portion and an outer shell first portion," "securing the inner liner first portion and the outer shell first portion to a sealable closure to form a cap assembly," "forming an inner liner second portion and securing the inner liner second portion to

31

the inner liner first portion to form an inner liner," "forming an outer shell second portion," "rolling a rectangular foam portion to form a first cylindrical foam portion and securing a foam base portion to the first cylindrical foam portion to form a foam assembly," "inserting the foam assembly into the outer shell second portion," "inserting the inner liner into the foam assembly," and "securing the outer shell first portion to the outer shell second portion to form the outer shell."

54.     Discover's Camp-Zero 12 Can Soft Cooler, Camp-Zero 20 Can Soft Cooler, Camp-Zero 30 Can Soft Cooler, Camp-Zero 40 Can Soft Cooler, and Camp-Zero 35 Can Cooler infringe at least claim 1 of the '517 Patent because they are insulating devices that are formed through a method that includes all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including "forming an inner liner first portion and an outer shell first portion," "securing the inner liner first portion and the outer shell first portion to a sealable closure to form a cap assembly," "forming an inner liner second portion and securing the inner liner second portion to the inner liner first portion to form an inner liner," "forming an outer shell second portion," "rolling a rectangular foam portion to form a first cylindrical foam portion and securing a foam base portion to the first cylindrical foam portion to form a foam assembly," "inserting the foam assembly into the outer shell second portion," "inserting the inner liner into the foam assembly," and "securing the outer shell first portion to the outer shell second portion to form the outer shell."

55.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

56.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

57.     Discover also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count III:**
**Patent Infringement of U.S. Patent No. 10,442,599 Under 35 U.S.C. § 271**

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Discover has infringed and continues to infringe the '599 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero 20 Can Soft Cooler, Camp-Zero 30 Can Soft Cooler, and Camp-Zero 40 Can Soft Cooler, which include each and every element of one or more claims of the '599 Patent, either literally or through the doctrine of equivalents, including at least claim 1.

60.     Claim 1 of the '599 Patent recites "a method of forming an insulating device comprising an outer shell having a bottom base support layer, an inner liner, an insulating layer in between the outer shell and the inner liner, the insulating layer comprising sides and a bottom abutting each other, a closure adapted to substantially seal an opening, the closure being substantially waterproof so as to resist liquid from exiting the opening when the insulating device is in any orientation, the method comprising:" "forming the inner liner having an inner vessel," "forming the outer shell having the bottom base support layer," "forming the insulating layer," "placing the insulating layer within the outer shell such that the bottom of the insulating layer is unattached to the bottom base support layer, placing the inner liner within the insulating layer," and "securing the closure to the outer shell and the inner liner."

61.     Discover's Camp-Zero 20 Can Soft Cooler, Camp-Zero 30 Can Soft Cooler, and Camp-Zero 40 Can Soft Cooler infringe at least claim 1 of the '599 Patent because they are

insulating devices that are formed through a method that includes all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including because they are insulating devices "comprising an outer shell having a bottom base support layer, an inner liner, an insulating layer in between the outer shell and the inner liner, the insulating layer comprising sides and a bottom abutting each other, a closure adapted to substantially seal an opening, the closure being substantially waterproof so as to resist liquid from exiting the opening when the insulating device is in any orientation," that are formed by the method comprising: "forming the inner liner having an inner vessel," "forming the outer shell having the bottom base support layer," "forming the insulating layer," "placing the insulating layer within the outer shell such that the bottom of the insulating layer is unattached to the bottom base support layer, placing the inner liner within the insulating layer," and "securing the closure to the outer shell and the inner liner."

62.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

63.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

64.     Discover also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count IV:
## Patent Infringement of U.S. Patent No. 10,981,716 Under 35 U.S.C. § 271

65.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 64 as though fully set forth herein.

66.     Discover has infringed and continues to infringe the '716 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero 12 Can Soft Cooler, Camp-Zero 20 Can Soft Cooler, Camp-Zero 30 Can Soft Cooler, and Camp-Zero 40 Can Soft Cooler, which include each and every element of one or more claims of the '716 Patent, either literally or through the doctrine of equivalents, including at least claim 1.

67.     Claim 1 of the '716 Patent recites "an insulating device comprising:" "an outer shell defining a first sidewall," "an inner liner forming a storage compartment," "wherein the outer shell defines a bottom wall extending in a first plane and wherein the inner liner comprises a nylon fabric and is secured to the outer shell in a second plane extending perpendicular to the first plane, and wherein the inner liner is secured to the outer shell by a weld," "an insulating layer comprising a foam layer positioned in between the outer shell and the inner liner, the insulating layer providing insulation for the storage compartment," "an opening configured to allow access to the storage compartment," "a closure adapted to substantially seal the opening, the closure being substantially waterproof so as to resist liquid from exiting the opening when the insulating device is in any orientation," and "a lid assembly attached in at least one location to a body assembly wherein the lid assembly includes an upper inner liner portion comprising a nylon fabric and an upper insulating portion and an upper outer shell portion, and wherein the upper insulating portion is positioned between the upper inner liner portion and the upper outer shell portion."

68.     Discover's Camp-Zero 12 Can Soft Cooler, Camp-Zero 20 Can Soft Cooler, Camp-Zero 30 Can Soft Cooler, and Camp-Zero 40 Can Soft Cooler infringe at least claim 1 of the '716 Patent because they are insulating devices that include all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including "an outer shell defining a first

sidewall," "an inner liner forming a storage compartment," "wherein the outer shell defines a bottom wall extending in a first plane and wherein the inner liner comprises a nylon fabric and is secured to the outer shell in a second plane extending perpendicular to the first plane, and wherein the inner liner is secured to the outer shell by a weld," "an insulating layer comprising a foam layer positioned in between the outer shell and the inner liner, the insulating layer providing insulation for the storage compartment," "an opening configured to allow access to the storage compartment," "a closure adapted to substantially seal the opening, the closure being substantially waterproof so as to resist liquid from exiting the opening when the insulating device is in any orientation," and "a lid assembly attached in at least one location to a body assembly wherein the lid assembly includes an upper inner liner portion comprising a nylon fabric and an upper insulating portion and an upper outer shell portion, and wherein the upper insulating portion is positioned between the upper inner liner portion and the upper outer shell portion."

69.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

70.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

71.     Discover also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count V:**
**Patent Infringement of U.S. Patent No. D799,905 Under 35 U.S.C. § 271**

72.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 71 as though fully set forth herein.

73.     Discover has infringed and continues to infringe the '905 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Peak Series Soft Cooler, which is covered by the claim of the '905 Patent.

74.     Discover's Peak Series Soft Cooler infringes the '905 Patent because the overall appearance of the design of Discover's Peak Series Soft Cooler and the '905 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Peak Series Soft Cooler and the '905 Patent to be substantially the same.

75.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

76.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

77.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count VI:
## Patent Infringement of U.S. Patent No. D801,123 Under 35 U.S.C. § 271

78.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 77 as though fully set forth herein.

79.     Discover has infringed and continues to infringe the '123 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Peak Series Soft Cooler, which is covered by the claim of the '123 Patent.

80.     Discover's Peak Series Soft Cooler infringes the '123 Patent because the overall appearance of the design of Discover's Peak Series Soft Cooler and the '123 Patent are

substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Peak Series Soft Cooler and the '123 Patent to be substantially the same.

81.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

82.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

83.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VII:**
**Patent Infringement of U.S. Patent No. D809,869 Under 35 U.S.C. § 271**

84.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 83 as though fully set forth herein.

85.     Discover has infringed and continues to infringe the '869 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler, which are covered by the claim of the '869 Patent.

86.     Discover's Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler infringe the '869 Patent because the overall appearance of the designs of Discover's Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler and the '869 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Discover's Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler and the '869 Patent to be substantially the same.

87.    Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

88.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

89.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count VIII:**
**Patent Infringement of U.S. Patent No. D862,177 Under 35 U.S.C. § 271**

90.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 89 as though fully set forth herein.

91.    Discover has infringed and continues to infringe the '177 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler, which are covered by the claim of the '177 Patent.

92.    Discover's Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler infringe the '177 Patent because the overall appearance of the designs of Discover's Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler and the '177 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Discover's Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler and the '177 Patent to be substantially the same.

93.    Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

94.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

95.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count IX:**
**Patent Infringement of U.S. Patent No. D896,591 Under 35 U.S.C. § 271**

96.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 95 as though fully set forth herein.

97.     Discover has infringed and continues to infringe the '591 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Peak Series Soft Cooler, which is covered by the claim of the '591 Patent.

98.     Discover's Peak Series Soft Cooler infringes the '591 Patent because the overall appearance of the design of Discover's Peak Series Soft Cooler and the '591 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Peak Series Soft Cooler and the '591 Patent to be substantially the same.

99.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

100.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

101.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count X:**
**Patent Infringement of U.S. Patent No. D897,780 Under 35 U.S.C. § 271**

102.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 101 as though fully set forth herein.

103.    Discover has infringed and continues to infringe the '780 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler, which are covered by the claim of the '780 Patent.

104.    Discover's Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler infringe the '780 Patent because the overall appearance of the designs of Discover's Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler and the '780 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the designs of Discover's Peak Series Soft Cooler and Camp-Zero 12 Can Soft Cooler and the '780 Patent to be substantially the same.

105.    Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

106.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

107.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XI:**
**Patent Infringement of U.S. Patent No. D732,348 Under 35 U.S.C. § 271**

108.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 107 as though fully set forth herein.

109.     Discover has infringed and continues to infringe the '348 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero 35 Can Cooler, which is covered by the claim of the '348 Patent.

110.     Discover's Camp-Zero 35 Can Cooler infringes the '348 Patent because the overall appearance of the design of Discover's Camp-Zero 35 Can Cooler and the '348 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Camp-Zero 35 Can Cooler and the '348 Patent to be substantially the same.

111.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

112.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

113.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XII:**
**Patent Infringement of U.S. Patent No. D732,349 Under 35 U.S.C. § 271**

114.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 113 as though fully set forth herein.

42

115.    Discover has infringed and continues to infringe the '349 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero 35 Can Cooler, which is covered by the claim of the '349 Patent.

116.    Discover's Camp-Zero 35 Can Cooler infringes the '349 Patent because the overall appearance of the design of Discover's Camp-Zero 35 Can Cooler and the '349 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Camp-Zero 35 Can Cooler and the '349 Patent to be substantially the same.

117.    Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

118.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

119.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

### Count XIII:
### Patent Infringement of U.S. Patent No. D732,350 Under 35 U.S.C. § 271

120.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 119 as though fully set forth herein.

121.    Discover has infringed and continues to infringe the '350 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero 35 Can Cooler, which is covered by the claim of the '350 Patent.

122.    Discover's Camp-Zero 35 Can Cooler infringes the '350 Patent because the overall appearance of the design of Discover's Camp-Zero 35 Can Cooler and the '350 Patent are

substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Camp-Zero 35 Can Cooler and the '350 Patent to be substantially the same.

123.    Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

124.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

125.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIV:**
**Patent Infringement of U.S. Patent No. D787,187 Under 35 U.S.C. § 271**

126.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 125 as though fully set forth herein.

127.    Discover has infringed and continues to infringe the '187 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero 35 Can Cooler, which is covered by the claim of the '187 Patent.

128.    Discover's Camp-Zero 35 Can Cooler infringes the '187 Patent because the overall appearance of the design of Discover's Camp-Zero 35 Can Cooler and the '187 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Camp-Zero 35 Can Cooler and the '187 Patent to be substantially the same.

129.    Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

130.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

131.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XV:**
**Patent Infringement of U.S. Patent No. D808,655 Under 35 U.S.C. § 271**

132.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 131 as though fully set forth herein.

133.     Discover has infringed and continues to infringe the '655 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero 35 Can Cooler, which is covered by the claim of the '655 Patent.

134.     Discover's Camp-Zero 35 Can Cooler infringes the '655 Patent because the overall appearance of the design of Discover's Camp-Zero 35 Can Cooler and the '655 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Camp-Zero 35 Can Cooler and the '655 Patent to be substantially the same.

135.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

136.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

137.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVI:**
**Patent Infringement of U.S. Patent No. D822,997 Under 35 U.S.C. § 271**

138.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 137 as though fully set forth herein.

139.     Discover has infringed and continues to infringe the '997 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero CARRY-ALL Tote Bag, which is covered by the claim of the '997 Patent.

140.     Discover's Camp-Zero CARRY-ALL Tote Bag infringes the '997 Patent because the overall appearance of the design of Discover's Camp-Zero CARRY-ALL Tote Bag and the '997 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Camp-Zero CARRY-ALL Tote Bag and the '997 Patent to be substantially the same.

141.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

142.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

143.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVII:**
**Patent Infringement of U.S. Patent No. D859,812 Under 35 U.S.C. § 271**

144.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 143 as though fully set forth herein.

145.     Discover has infringed and continues to infringe the '812 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing blue and grey Camp-Zero CARRY-ALL Tote Bag, which is covered by the claim of the '812 Patent.

146.     Discover's blue and grey Camp-Zero CARRY-ALL Tote Bag infringes the '812 Patent because the overall appearance of the design of Discover's blue and grey Camp-Zero CARRY-ALL Tote Bag and the '812 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's blue and grey Camp-Zero CARRY-ALL Tote Bag and the '812 Patent to be substantially the same.

147.     Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

148.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

149.     Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XVIII:**
**Patent Infringement of U.S. Patent No. D859,813 Under 35 U.S.C. § 271**

150.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 149 as though fully set forth herein.

47

151.    Discover has infringed and continues to infringe the '813 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero CARRY-ALL Tote Bag, which is covered by the claim of the '813 Patent.

152.    Discover's Camp-Zero CARRY-ALL Tote Bag infringes the '813 Patent because the overall appearance of the design of Discover's Camp-Zero CARRY-ALL Tote Bag and the '813 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Camp-Zero CARRY-ALL Tote Bag and the '813 Patent to be substantially the same.

153.    Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

154.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

155.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIX:**
**Patent Infringement of U.S. Patent No. D859,815 Under 35 U.S.C. § 271**

156.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 155 as though fully set forth herein.

157.    Discover has infringed and continues to infringe the '815 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing tan and black Camp-Zero CARRY-ALL Tote Bag, which is covered by the claim of the '815 Patent.

158.    Discover's tan and black Camp-Zero CARRY-ALL Tote Bag infringes the '815 Patent because the overall appearance of the design of Discover's tan and black Camp-Zero CARRY-ALL Tote Bag and the '815 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's tan and black Camp-Zero CARRY-ALL Tote Bag and the '815 Patent to be substantially the same.

159.    Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

160.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

161.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

## Count XX:
## Patent Infringement of U.S. Patent No. D918,570 Under 35 U.S.C. § 271

162.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 161 as though fully set forth herein.

163.    Discover has infringed and continues to infringe the '570 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero CARRY-ALL Tote Bag, which is covered by the claim of the '570 Patent.

164.    Discover's Camp-Zero CARRY-ALL Tote Bag infringes the '570 Patent because the overall appearance of the design of Discover's Camp-Zero CARRY-ALL Tote Bag and the '570 Patent are substantially the same, and an ordinary observer would perceive the overall

appearance of the design of Discover's Camp-Zero CARRY-ALL Tote Bag and the '570 Patent to be substantially the same.

165. Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

166. YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

167. Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXI:**
**Patent Infringement of U.S. Patent No. D920,678 Under 35 U.S.C. § 271**

168. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 167 as though fully set forth herein.

169. Discover has infringed and continues to infringe the '678 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero CARRY-ALL Tote Bag, which is covered by the claim of the '678 Patent.

170. Discover's Camp-Zero CARRY-ALL Tote Bag infringes the '678 Patent because the overall appearance of the design of Discover's Camp-Zero CARRY-ALL Tote Bag and the '678 Patent are substantially the same, and an ordinary observer would perceive the overall appearance of the design of Discover's Camp-Zero CARRY-ALL Tote Bag and the '678 Patent to be substantially the same.

171. Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

172.    YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

173.    Defendants also have caused, are causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXII:**
**Patent Infringement of U.S. Patent No. 10,046,885 Under 35 U.S.C. § 271**

174.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 173 as though fully set forth herein.

175.    Discover has infringed and continues to infringe the '885 Patent at least by using, selling, offering to sell, making, and/or importing into the United States Discover's infringing Camp-Zero 20 Premium Drink Cooler, which includes each and every element of one or more claims of the '885 Patent, either literally or through the doctrine of equivalents, including at least claim 1.

176.    Claim 1 of the '885 Patent recites "an insulating container, comprising:" "a base including:" "a sidewall structure having a plurality of sides," "a bottom portion connected to a first end of each side of the plurality of sides of the sidewall structure, the bottom portion being configured to support the insulating container on a surface," and "an opening formed at a second end of each side of the plurality of sides of the sidewall structure, opposite the first end of each side of the plurality of sides of the sidewall structure, the opening being configured to allow access to an interior void of the insulating container formed by the sidewall structure and the bottom portion," and "a spigot extending through a first side of the sidewall structure, the spigot configured to dispense fluid stored in the interior void, the spigot further including:" "a spigot

body including a spout for dispensing the fluid," "a threaded valve rod extending through the spigot body and having a threaded end configured to mate with a spigot button," and "the spigot button configured to control a flow of fluid from the interior void, the button being connected to the threaded end of the threaded valve rod."

177.    Discover's Camp-Zero 20 Premium Drink Cooler infringes at least claim 1 of the '885 Patent because it is an insulating container that includes all of the claim elements of at least claim 1, either literally or through the doctrine of equivalents, including "a base including:" "a sidewall structure having a plurality of sides," "a bottom portion connected to a first end of each side of the plurality of sides of the sidewall structure, the bottom portion being configured to support the insulating container on a surface," and "an opening formed at a second end of each side of the plurality of sides of the sidewall structure, opposite the first end of each side of the plurality of sides of the sidewall structure, the opening being configured to allow access to an interior void of the insulating container formed by the sidewall structure and the bottom portion," and "a spigot extending through a first side of the sidewall structure, the spigot configured to dispense fluid stored in the interior void, the spigot further including:" "a spigot body including a spout for dispensing the fluid," "a threaded valve rod extending through the spigot body and having a threaded end configured to mate with a spigot button," and "the spigot button configured to control a flow of fluid from the interior void, the button being connected to the threaded end of the threaded valve rod."

178.    Discover's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

179.   YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, and 285.

180.   Discover also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XXIII:**
**Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

181.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 180 as though fully set forth herein.

182.   Discover's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing Hard Cooler Products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by infringing YETI's trade dress.  Discover's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Discover with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that Discover's infringing Hard Cooler Products are manufactured by, authorized by, or otherwise associated with YETI.

183.   YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Discover

53

commenced its unlawful use of YETI's trade dress connection with its infringing Hard Cooler Products.

184.    Discover's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

185.    On information and belief, Discover's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Discover's bad faith is evidenced at least by the similarity of Discover's infringing Hard Cooler Products to YETI's trade dress and by Discover's continuing disregard for YETI's rights.

186.    YETI is entitled to injunctive relief, and YETI is entitled to recover at least Discover's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## Count XXIV:
## Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

187.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 186 as though fully set forth herein.

188.    Based on the activities described above, including, for example, Discover's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing its infringing Hard Cooler Products, Discover is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Discover's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's

exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

189.    YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress  became famous and acquired this secondary meaning before Discover commenced its unlawful use of YETI's trade dress in connection its infringing Hard Cooler Products.

190.    Discover's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

191.    On information and belief, Discover's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Discover's bad faith is evidenced at least by the similarity of its infringing Hard Cooler Products to YETI's trade dress and Discover's continuing disregard for YETI's rights.

192.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Discover's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count XXV:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

193.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 192 as though fully set forth herein.

194.     Discover's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing Hard Cooler Products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Discover has obtained an unfair advantage as compared to YETI through Discover's use of YETI's trade dress and because such use is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of Discover's infringing Hard Cooler Products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

195.     YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Discover commenced its unlawful use of YETI's trade dress in connection with the infringing products.

196.     Discover's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

197.     On information and belief, Discover's use of YETI's trade dress and colorable imitations thereof has been intentional, willful, and malicious.  Discover's bad faith is evidenced at least by the similarity of its infringing Hard Cooler Products to YETI's trade dress and by Discover's continuing disregard for YETI's rights.

198.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Discover's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count XXVI:
### Trade Dress Dilution Under Mo. Ann. Stat. § 417.061(1)

199.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 198 as though fully set forth herein.

200.     Based on the activities described above, including, for example, Discover's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing its infringing Hard Cooler Products, Discover is likely to dilute, has diluted, and continues to dilute YETI's trade dress of in violation of § 417.061 of the Annotated Missouri Statutes.  Discover's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's trade dress at least by eroding the public's exclusive identification of YETI's trade dress with YETI, by lessening the capacity of YETI's trade dress to

identify and distinguish YETI's products, and by impairing the distinctiveness of YETI's trade dress.

201.    YETI's trade dress is entitled to protection under Missouri law. YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Missouri.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products in the United States and in the State of Missouri generally, and YETI's trade dress is widely recognized by the public throughout Missouri as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Missouri. Moreover, YETI's trade dress acquired this secondary meaning before Discover commenced its unlawful use of YETI's trade dress in connection with its infringing Hard Cooler Products.

202.    Discover's use of YETI's trade dress has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

203.    Discover's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

204.    YETI is entitled to injunctive relief under at least Mo. Ann. Stat. § 417.061.

**Count XXVII:**
**Trade Dress Dilution Under Tex. Bus. & Com. Code § 16.103**

205.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 204 as though fully set forth herein.

206.    Based on the activities described above, including, for example, Discover's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing its infringing Hard Cooler Products, Discover is likely to dilute, has diluted, and continues to dilute YETI's trade dress in violation of § 16.103 of the Texas Business & Commerce Code.  Discover's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

207.    YETI's trade dress is famous and is entitled to protection under Texas law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and in the State of Texas. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products in the United States and in the State of Texas generally and in geographic areas in Texas, and YETI's trade dress is widely recognized by the public throughout Texas and in geographic areas in Texas as a designation of the source of YETI and YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace, including in the State of Texas and in geographic areas in Texas.  Moreover, YETI's

trade dress became famous and acquired this secondary meaning before Discover commenced its unlawful use of YETI's trade dress in connection with its infringing Hard Cooler Products.

208. Discover's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

209. On information and belief, Discover's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Discover's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress and by Discover's continuing disregard for YETI's rights.

210. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Discover's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

## Count XXVIII:
## Common Law Trade Dress Infringement

211. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 210 as though fully set forth herein.

212. Discover's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing Hard Cooler Products, in direct competition with YETI, constitute common law trade dress infringement, at least because Discover's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin, sponsorship, and/or affiliation of its infringing products, at least by creating the false and

misleading impression that its infringing Hard Cooler Products are manufactured by, authorized by, or otherwise associated with YETI.

213.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Missouri. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Discover commenced its unlawful use of YETI's trade dress in connection with its infringing Hard Cooler Products.

214.    Discover's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

215.    On information and belief, Discover's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Discover's bad faith is evidenced at least by the similarity of it its infringing Hard Cooler Products to YETI's trade dress and Discover's continuing disregard for YETI's rights.

216.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Discover's profits, punitive damages, costs, and reasonable attorney fees.

**Count XXIX:**
**Common Law Unfair Competition**

217.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 216 as though fully set forth herein.

218.    Discover's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing Hard Cooler Products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Discover's goods, by simulating YETI's trade dress in an intentional and calculated manner that is likely to cause consumer confusion as to origin, sponsorship, and/or affiliation of Discover's infringing Hard Cooler Products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Discover has also interfered with YETI's business.

219.    YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Missouri.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Discover commenced its unlawful use of YETI's trade dress in connection with its infringing Hard Cooler Products.

220.    Discover's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the

goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

221.    On information and belief, Discover's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Discover's bad faith is evidenced at least by the similarity of its infringing Hard Cooler Products to YETI's trade dress and Discover's continuing disregard for YETI's rights.

222.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Discover's profits, punitive damages, costs, and reasonable attorney fees.

**Count XXX:**
**Unjust Enrichment**

223.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 222 as though fully set forth herein.

224.    Discover's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing Hard Cooler Products, in direct competition with YETI, constitute unjust enrichment, at least because Discover obtained a benefit at YETI's expense, appreciated that benefit, and accepted and retained the benefit under inequitable circumstances.  Discover has also, *inter alia*, operated with an undue advantage.

225.    YETI created the products covered by YETI's trade dress through extensive time, labor, effort, skill, and money.  Discover has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Discover has not been burdened with the expenses incurred by YETI, yet Discover is obtaining the resulting benefits for its own business and products.

226.     YETI's trade dress is entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress for years in the United States and the State of Missouri.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Discover commenced its unlawful use of YETI's trade dress and colorable imitations thereof in connection with its infringing Hard Cooler Products.

227.     Discover's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Discover has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

228.     Discover's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Discover's bad faith is evidenced at least by the similarity of its infringing Hard Cooler Products to YETI's trade dress and Discover's continuing disregard for YETI's rights.

229.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Discover's profits.

## **Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff YETI respectfully prays for:

1.      Judgment that Discover has  (i) infringed the '352 Patent in violation of § 271 of Title 35 of the United States Code; (ii) infringed the '517 Patent in violation of § 271 of Title 35 of the United States Code; (iii) infringed the '599 Patent in violation of § 271 of Title 35 of the United States Code; (iv) infringed the '716 Patent in violation of § 271 of Title 35 of the United States Code; (v) infringed the '905 Patent in violation of § 271 of Title 35 of the United States Code; (vi) infringed the '123 Patent in violation of § 271 of Title 35 of the United States Code; (vii) infringed the '869 Patent in violation of § 271 of Title 35 of the United States Code; (viii) infringed the '177 Patent in violation of § 271 of Title 35 of the United States Code; (ix) infringed the '591 Patent in violation of § 271 of Title 35 of the United States Code; (x) infringed the '780 Patent in violation of § 271 of Title 35 of the United States Code; (xi) infringed the '348 Patent in violation of § 271 of Title 35 of the United States Code; (xii) infringed the '349 Patent in violation of § 271 of Title 35 of the United States Code; (xiii) infringed the '350 Patent in violation of § 271 of Title 35 of the United States Code; (xiv) infringed the '187 Patent in violation of § 271 of Title 35 of the United States Code; (xv) infringed the '655 Patent in violation of § 271 of Title 35 of the United States Code; (xvi) infringed the '997 Patent in violation of § 271 of Title 35 of the United States Code; (xvii) infringed the '812 Patent in violation of § 271 of Title 35 of the United States Code; (xviii) infringed the '813 Patent in violation of § 271 of Title 35 of the United States Code; (xix) infringed the '815 Patent in violation of § 271 of Title 35 of the United States Code; (xx) infringed the '570 Patent in violation of § 271 of Title 35 of the United States Code; (xxi) infringed the '678 Patent in violation of § 271 of Title 35 of the United States Code; (xxii) infringed the '885 Patent in violation of § 271 of Title 35 of the United States Code; (xxiii) infringed YETI's trade

dress in violation of § 1125(a) of Title 15 in the United States Code; (xxiv) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (xxv) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (xxvi) diluted YETI's trade dress in violation of Mo. Rev. Stat. § 417.061(1); (xxvii) diluted YETI's trade dress in violation of Tex. Bus. & Com. Code § 16.103; (xxviii) violated YETI's common law rights in YETI's trade dress; (xxix) engaged in common law unfair competition; (xxx) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Discover were willful;

2.      An injunction against further infringement of YETI's patents, further infringement and dilution of YETI's trade dress, and further acts of unfair competition, misappropriation, and unjust enrichment by Discover, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, pursuant to at least 35 U.S.C. § 283, 15 U.S.C. § 1116, Mo. Rev. Stat. § 417.061(1), and Tex. Bus. & Com. Code § 16.104;

3.      An Order directing Discover to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.      An Order directing the destruction of (i) all infringing Hard Cooler Products, including all recalled infringing Hard Cooler Products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress in Discover's possession or control, (iii) all plates, molds, and other means of making the infringing Hard Cooler Products in Discover's possession, custody, or control, and (iv) all advertising materials related to the infringing Hard Cooler Products in Discover's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

66

5.      An Order directing Discover to publish a public notice providing proper attribution of YETI's trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing Hard Cooler Products are recalled;

6.      An Order barring importation of the infringing Hard Cooler Products and/or colorable imitations thereof into the United States, and barring entry of the infringing Hard Cooler Products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of damages adequate to compensate YETI for Discover's patent infringements pursuant at least to 35 U.S.C. § 284, and an award for Discover's profits from its patent infringements pursuant at least to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285;

8.      An award of Discover's profits, YETI's actual damages, enhanced damages, punitive damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

9.      Such other and further relief as this Court deems just and proper.

Dated:  July 9, 2021                    Respectfully submitted,

                                        By: */s/ Audra C. Eidem Heinze*
                                        Audra C. Eidem Heinze
                                        aheinze@bannerwitcoff.com
                                        64832(MO)
                                        6299717(IL)
                                        Joseph J. Berghammer (*pro hac vice forthcoming*)
                                        6273690(IL)
                                        jberghammer@bannerwitcoff.com
                                        Michael L. Krashin (*pro hac vice forthcoming*)
                                        6286637(IL)
                                        mkrashin@bannerwitcoff.com
                                        Sanjay K. Murthy (*pro hac vice forthcoming*)
                                        6279314 (IL)
                                        smurthy@bannerwicoff.com
                                        Alexander J. Bruening (*pro hac vice forthcoming*)
                                        6335629(IL)
                                        abruening@bannerwitcoff.com
                                        Banner & Witcoff, Ltd.
                                        71 South Wacker Drive, Suite 3600
                                        Chicago, IL 60606
                                        Telephone: (312) 463-5000
                                        Facsimile: (312) 463-5001

                                        **ATTORNEYS FOR PLAINTIFF YETI
                                        COOLERS, LLC**